UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEVON BATES-SMITH, <br><br> Plaintiff, <br><br> v. <br><br> SMILEY, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-558-GSL-JEM |

OPINION AND ORDER

Jevon Bates-Smith, a prisoner without a lawyer, filed a complaint against Warden Smiley and the Westville Correctional Facility alleging that he is not receiving his legal mail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bates-Smith alleges that there have been delays in giving him his legal mail and these delays could result in a federal habeas case being dismissed. Bates-Smith named the Westville Correctional Facility as a defendant, but it is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Bates-Smith also

named Warden Smiley as a defendant, but Bates-Smith does not allege that Warden Smiley is personally involved in causing the mail to be delayed. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The complaint, however, does not allege that Warden Smiley knew about, facilitated, approved, condoned, or turned a blind eye to the alleged mail delays. Thus, Bates-Smith has not stated a claim against either defendant named in this action.

"The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* "However, merely alleging an isolated delay or some other relatively short-term, non content based disruption in the delivery of inmate reading materials will not support […] a cause of action grounded upon the First Amendment." *Id.*

Publicly filed court orders are not entitled to heightened constitutional protection in prisons. Constitutionally protected legal mail is defined as letters that are marked

2

with an attorney's name and that provide a warning that the letter is legal mail. *Kaufman v. McCaughtry,* 419 F.3d 678, 686 (7th Cir. 2005) ("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence."). Bates-Smith has not identified any document that qualifies as legal mail.

Prisoners are also entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words,

"the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). It cannot be plausibly inferred from the allegations in Bates-Smith's complaint that the handling of his mail prejudiced a potentially meritorious legal claim. Thus, even if Bates-Smith had named a defendant who was personally responsible for the mail delays described in his complaint, he has not alleged facts from which it can be plausibly inferred that his right to access the courts has been violated.

This complaint does not state a claim for which relief can be granted. If Bates-Smith believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

---

[1] Pursuant to N.D. Ind. L.R. 7-6, Bates-Smith is required to use this form..

For these reasons, the court:

(1) GRANTS Jevon Bates-Smith until **August 1, 2025**, to file an amended complaint; and

(2) CAUTIONS Jevon Bates-Smith that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 27, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5