UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEVON BATES-SMITH, <br><br> Plaintiff, <br><br> v. <br><br> SMILEY, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-558-GSL-JEM |

OPINION AND ORDER

Jevon Bates-Smith, a prisoner without a lawyer, filed an amended complaint against Warden Smiley alleging that he is not receiving his legal mail. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bates-Smith alleges asked Morgan County Superior Court Judge Dakota R. Vanleeuwen for a copy of a transcript of a PCR hearing. The judge granted Bates-Smith's request, but Bates-Smith did not receive the transcript. He contacted Judge Vanleeuwen about this, and she indicated that she sent it and would not send it again. Bates-Smith is suing Warden Smiley because he did not receive the transcript. He

asserts that this violates his rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment.

Bates-Smith named Warden Smiley as a defendant in his earlier complaint. The court explained that Bates-Smith had not alleged that Warden Smiley was personally involved in causing problems with Bates-Smith's mail. The court further explained that there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The earlier complaint did not allege that Warden Smiley knew about, facilitated, approved, condoned, or turned a blind eye to the alleged mail delays. Thus, the court found that Bates-Smith had not stated a claim against Warden Smiley.

The amended complaint likewise does not allege that Warden Smiley was personally involved in preventing delivery of the PCR transcript to Bates-Smith. Bates-Smith alleges that he complained to Warden Smiley about the problem through grievances after it occurred, but knowing about a problem after it occurs does not lead to liability. "Public officials do not have a free-floating obligation to put things to rights . . . no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Because it cannot be plausible inferred that Warden Smiley had anything to do with the PCR transcript not being delivered to

2

Bates-Smith, the amended complaint does not state a claim for which relief can be granted.

The court has already granted Bates-Smith one opportunity to amend the complaint, and the amendment did not address the deficiencies highlighted in the court's order. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 14, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT